Campbell, Chief Justice,
delivered the opinion of the court :
The plaintiff sues to recover the sum of certain taxes paid under section 500 of the act of February 24, 1919, 40 Stat. 1057, 1101. It is alleged that these taxes were illegally assessed and collected and that the Commissioner of Internal Eevenue has refused to refund the same. The facts show that the plaintiff entered into two contracts with the Director General of Eailioads, naming the railroad concerned (and signed by the purchasing agent of this road), copies of the contracts being attached to the petition. They bear separate dates and relate to shipments to two different railroads, but for the purposes of the case it is only material to consider one of them because the effect of the two is the same. The contract calls for 150,000 tons of coal to be delivered over the period from May 17, 1919, to March 31, 1920, inclusive. The coal was to be shipped from mines in Harrison County, West Virginia, and the price was fixed at $6.13 per gross ton “ delivered alongside Mystic Wharf, Boston, Mass., through one bridge.” The contract designates the plaintiff as “ seller ” and the “ Director General of Eailroads, Boston and Maine Bailroad,” as “buyer.” The coal was shipped at different times, consigned in the case mentioned to the Boston and Maine Eailroad. Plainly the coal was sold and shipped by plaintiff to be delivered at a place stated in the contract. The delivery at the mines for transportation to the agreed point of destination was not therefore a delivery of the coal to the buyer within the meaning of the contract. Nor was it a delivery to the buyer within the familiar rule of law, that a delivery to a common carrier may constitute a delivery to the buyer. It is a general rule that the delivery of goods by a consignor to a common carrier, for account of a consignee constitutes delivery to the latter. And it is therefore to be conceded that where a buyer directs the delivery of goods, for his account to a designated_ carrier' the latter becomes the buyer’s agent. But these general rules do not control in a case where by contract it appears that the goods are to remain at the con *305 signor’s risk until arrival and delivery at the point of ultimate destination. See United States v. Andrews, 207 U. S. 229, 240; Louisville & Nashville R. R. Co. v. United States, 267 U. S. 395, 400. In the instant case the price agreed upon was for coal delivered f. o. b. at an agreed point of destination. The seller paid the freight, as it was his duty to do. There is nothing to indicate that title passed, or could pass, before delivery at the agreed place. In such case delivery to the common carrier was a delivery to the seller’s agent and was in nowise a delivery to the consignee. The tax required by section 500 of the revenue act is required to be paid by the person paying for the services rendered by the transportation agency. Plaintiff having complied with this provision can not recover the amount so paid. It contends, however, that the taxes were illegally collected because of section 500(h), providing that no tax shall be imposed upon any payment received for services rendered to the United States, and urges that inasmuch as the railroad to whom the shipment was consigned was under Federal control the exemption applies. This right of exemption, it is provided, shall be evidenced in such manner as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may by regulations prescribe. The commissioner prescribed regulations providing for exemption certificates. See Regulation 49, art. 97, 105. Among other things they provide that the exemption certificate should not be issued “when the material transported is sold to the Government at a delivered price,” and undoubtedly the property here was sold at a delivered price, even if we should adopt plaintiff’s contention that the Government was the real purchaser of the coal. These regulations further provide that the exemption certificate “must be delivered to the carrier by the person paying the charges, when the charges are paid, otherwise there shall be no exemption from the tax.” This court said in City of Wichita Falls case, 62 C. Cls. 239, 244, speaking of the exemption such as is here claimed: “ The plaintiff did not observe the conditions of the law nor the regulations of the Internal Revenue Bureau. The court may not overlook an unfulfilled *306 condition. The duty to observe the law and regulations issued in pursuance of its authority is a condition precedent to the right of exemption, and if the plaintiff omits to take advantage of the prescribed right the court is powerless to supply the omission.” A writ of certiorari was denied in this case, 273 U. S. 750. The plaintiff not only failed to bring itself within the terms of the regulations, but was bound in the first instance to pay the freight by the terms of its contract. It follows that it is not entitled to recover the taxes paid and the petition should be dismissed. And it is so ordered.
Moss, Judge/ GRAham, Judge; and Booth, Judge, concur.